IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OpenMind Solutions, Inc., | Case No. 3:11-cv-00092-GPM-SCW |
| Plaintiff, | Judge:  Hon. G. Patrick Murphy |
| v. | Magistrate Judge:  Hon. Stephen C. Williams |
| DOES 1-2925, | |
| Individually, and as Representatives of a class, | |
| Defendants. | |

## THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

### I. INTRODUCTION

The Electronic Frontier Foundation ("EFF") respectfully requests that this Court grant leave to file the attached *amicus curiae* brief.  EFF seeks leave to file because no one currently before this Court represents the interests of the anonymous Doe Defendants Plaintiff seeks to unmask and because we strongly believe that the Court would benefit from a thorough explanation of (a) the context of the recent nationwide campaign of mass end-user litigation against alleged infringing downloaders; (b) the substantive and procedural safeguards that protect the Doe Defendants; and (c) the relevant rules regarding class actions and joinder and how their rigorous application is especially important in cases in which, as here, the rights of thousands of anonymous Defendants are at issue.

With respect to the latter, EFF's brief discusses several recent decisions in related cases in other jurisdictions, in which over 40,000 Does have been severed for misjoinder in the past few months alone.  EFF's brief (and accompanying Request for Judicial Notice) compiles those decisions as of the date of filing, in order to advise the Court of important additional persuasive authority from other courts across the country that have been asked to entertain these novel suits.

1

EFF also submits expert analysis that raises serious questions regarding the jurisdiction of the Court to entertain this action.

## II.  INTEREST OF AMICUS

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world. EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most-linked-to Web sites (http://www.eff.org) in the world.  Currently, EFF is supported by over 500 paying members in Illinois.  In addition, more than 2,500 Illinois residents subscribe to EFF's weekly e-mail newsletter, *EFFector*.

As part of its mission, EFF has served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in individual lawsuits, alleging copyright infringement, often of a single pornographic movie.  For example, EFF has been appointed attorneys *ad litem* to represent 670 Doe defendants in a similar case in the Northern District of Texas[1] and has participated as amicus in numerous others nationwide.[2]  While EFF takes no position on the merits of the actual copyright claims in these cases, EFF is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit.  Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled,[3] and has played a leading role in advising the

---

[1] *Mick Haig Prods. v. Does 1 – 670,* Case No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010). The case was voluntarily dismissed with prejudice following the filing of EFF's motion to quash. *Id.*, Docket No. 9.

[2] *See, e.g., First Time Videos, LLC v. Does 1 – 500,* Case No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011) (motion for leave to file as amicus pending); *Call of the Wild Movie LLC v. Does 1 – 1,062,* Case No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Mick Haig Prods. v. Does 1 – 670,* Case No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010); *Third World Media LLC v. Does 1 – 1,243*, Case No. 3:10-cv-0090 (N.D. W. Va. Nov. 23, 2010).

[3] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation.  *Subpoena Defense Resources*, ELECTRONIC FRONTIER FOUNDATION,

public of the latest developments in these cases.[4]  In short, EFF has been deeply involved in these cases almost from their inception, which allows it in turn to offer the Court a unique perspective as well as the aforementioned information.

EFF seeks leave to file its amicus brief in this action because the Plaintiff seeks to use the authority of this Court to unmask thousands of Doe Defendants, in contravention of (1) the federal rules governing both joinder and class actions; (2) appropriate jurisdiction principles; and (3) well-settled First Amendment jurisprudence.

Plaintiff's motion for early discovery did not address these issues and, therefore, the Court's ruling authorizing discovery was not based on a full consideration of the relevant statutory and Constitutional raised by this litigation.  Especially as there is no indication that the targets of the Complaint have been made aware of these proceedings, EFF respectfully requests that it be permitted to appear in order to submit to the Court a discussion of the relevant legal landscape.

As explained in detail in the attached brief, the "federal courts have safeguards, both procedural and substantive, to protect the rights of individual defendants, several of which Plaintiff in this mass copyright case has not followed, violating the rights of the John Doe Defendants."  Courts nationwide have recognized this, and have severed these cases, effectively dismissed more than 40,000 Doe Defendants nationwide.  *See, e.g., Third World Media, LLC v. Does 1 - 1,243,* Case No. 3:10-cv-0090 (N.D. W.Va. Dec. 16, 2010) ("several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper"); *IO Group, Inc. v. Does 1 - 453,* Case No. 10-4382 (N.D. Cal. Jan. 10, 2011) ("the allegations that defendants simply used the same peer-to-peer network to download plaintiff's work – on my

---

https://www.eff.org/issues/file-sharing/subpoena-defense (last visited March 11, 2011); Copyright Trolls, ELECTRONIC FRONTIER FOUNDATION, https://www.eff.org/issues/copyright-trolls (last visited March 11, 2011).

[4] *See, e.g.*, Greg Sandoval, *EFF's Cohn Fights Copyright's "Underbelly,"* CNET *(*Oct. 19, 2010), http://news.cnet.com/8301-31001_3-20020028-261.html; Amanda Becker, *New District Law Group Tackles Movie File-sharing,* THE WASHINGTON POST (June 14, 2010)*,* http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/AR2010061105738.html?hpid=topnews.

3

different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action").

Apparently aware that its Complaint would not pass legal muster using joinder under Fed R. Civ. P. 20, Plaintiff here attempts to bring nearly 3,000 Defendants under this Court's jurisdiction by maintaining a reverse class action. This is clearly improper. Due to the inherently and fundamentally troubling nature of suing a class of unnamed defendants, most – if not all – of whom will not be responsible for his or her own defense, the "due process rights of unnamed class members of a defendant class are entitled to special solicitude." *Pabst Brewing, Inc. v. Corrao*, 161 F.3d 434, 439 (7th Cir. 1998).

Of course, Plaintiff has not yet moved to certify the defendant class. Indeed, EFF fears that that is precisely the point of Plaintiff's strategy. By deferring certification, it hopes to deter the Court from inspecting too closely its Potemkin class action. As with other mass copyright suits filed all over the country, the true goal is not to reach the underlying merits, but to obtain discovery of Defendants' identities as a means to extract settlements from fearful, unrepresented, and poorly-informed individuals.

EFF's concerns are based, in part, on the context of the case. This litigation is the iteration of a disturbing trend of mass copyright cases, in which more than 100,000 people have been sued in lawsuits around the country since March 2010. These cases appear not to be filed with the intention of litigating them. Instead, it seems that in these cases the plaintiffs' lawyers hope to take advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and, in many cases, the stigma that is associated with downloading pornographic movies, to induce the anonymous defendants into settling the case for a payment of roughly $1,500 to $2,500 dollars.[5] It is no coincidence that this

---

[5] Indeed, plaintiffs' counsel in these cases have made public statements to this effect. *See, e.g., Porn Titans Come Together to Expose Pirates*, THE INDEPENDENT, September 27, 2010, available at http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html; John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* TEXAS LAWYER, Oct. 4, 2010, available at http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304&slreturn=1&hbxlogin=1

amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.[6] Thus, the Court's decision on whether Plaintiff will be able to obtain the identities of the Defendants may be the last chance that the Court has to ensure that the Defendants are treated justly.

### III.  CONCLUSION

For the foregoing reasons, EFF respectfully requests leave to file the attached memorandum, and supplemental documents thereto.

Respectfully submitted,

Dated:  March 15, 2011            By /s/ *Charles Lee Mudd, Jr.*
                Charles Lee Mudd Jr.
                Mudd Law Offices
                3114 West Irving Park Road, Suite 1W
                Chicago, Illinois  60618
                (773) 588-5410
                Cook County Attorney No.: 38666
                ARDC: 6257957
                cmudd@muddlawoffices.com

                Julie Samuels
                Electronic Frontier Foundation
                454 Shotwell St.
                San Francisco, CA 94110
                (415) 436-9333
                julie@eff.org

                James Grimmelmann
                Associate Professor
                New York Law School
                185 West Broadway
                New York, NY 10013
                (212) 431-2368
                james.grimmelmann@nyls.edu

                Attorneys for Amicus Curiae EFF

---

[6] Strong defenses exist for many sued:  for example, it appears that Plaintiff in this case would be hard-pressed to prove actual damages caused by any particular Defendant and there is a reasonable chance that Plaintiff will not have any basis for seeking statutory damages.  *See* proposed *amicus* brief at 11.

## CERTIFICATE OF SERVICE

      I, Charles Lee Mudd, Jr., do hereby certify that service of **THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 15th day of March 2011.

                                                                                    /s/Charles Lee Mudd, Jr.
                                                                                     Charles Lee Mudd, Jr.

Charles Lee Mudd, Jr.
Mudd Law Offices
3114 W. Irving Park Road
Suite 1W
Chicago, Illinois  60618
773.588.5410 (Telephone)
773.588.5440 (Facsimile)
cmudd@muddlawoffices.com
ARDC: 6257957

## SERVICE LIST

All counsel of record are ECF users and no *pro se* parties have filed appearances of record.