IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OpenMind Solutions, Inc., | Case No. 3:11-cv-00092-GPM-SCW |
| Plaintiff, | Judge:  Hon. G. Patrick Murphy |
| v. | Magistrate Judge:  Hon. Stephen C. Williams |
| DOES 1-2925, | |
| Individually, and as Representatives of a class, | |
| Defendants. | |

### *AMICUS CURIAE* THE ELECTRONIC FRONTIER FOUNDATION'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, the Electronic Frontier Foundation ("*amicus*") hereby requests that this Court take judicial notice of the following materials:

- *West Coast Productions v. Does 1-2010*, No. 3:10-CV-93 (N.D. W.Va., Dec. 16, 2010), attached hereto as Exhibit A. In this Order, as well as virtually identical Orders issued in six other "mass copyright" lawsuits, the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants. *Combat Zone, Inc., v. Does 1-1037*, No. 3:10-cv-00095-JPB -JES (N.D. W. Va. Dec. 16, 2010); *Combat Zone, Inc., v. Does* 1-245, No. 3:10-cv-00096-JPB -JES (N.D. W. Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-118*, No. 3:10-cv-00092-JPB -JES (N.D. W. Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-281*, No. 3:10-cv-00091-JPB -JES (N.D. W. Va. Dec. 16, 2010); *Third World Media, LLC, v. Does 1-1243*, No. 3:10-cv-00090-JPB -JES (N.D. W. Va. Dec. 16, 2010); *West Coast Productions, Inc., v. Does 1-2010*, No. 3:10-cv-00093-JPB -JES (N.D. W. Va. Dec. 16, 2010).

- General Order, *In re cases filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), available at http://www.txwd.uscourts.gov/rules/stdord/Austin/recording_111704.pdf and attached hereto as Exhibit B.

- *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004, appending *In the Matter of DIRECTV, INC., Cases pending in the Northern District of California,* No. C-02-5912-JW (July 26, 2004), attached hereto as Exhibit C.

- *Elektra Entm't Group, Inc., et al. v. Does 1-6*, No. 04-1241 (E.D. Pa. Oct. 13, 2004), attached hereto as Exhibit D.

- *In Re: Copyright Infringement Cases With Doe Defendants Related to Civil Action Number 04-1239*, No. 04-CV-650-CN, Dkt 17 (E.D. Pa. January 21, 2005), attached hereto as Exhibit E.

- *LFP Internet Group, LLC v. Does 1-3,120*, No. 10-2095 (N.D. Tex. Feb. 10, 2011), attached hereto as Exhibit F.  In this Order, as well as virtually identical Orders issued in thirteen other "mass copyright" lawsuits, the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants. *Lucas Entertainment Inc. v. Does 1-65*, No. 10-cv-1407-F (N.D. Tex. Feb. 10, 2011)*; Lucas Entertainment Inc. v. Does 1-185*, No. 10-cv-1537-F (N.D. Tex. Feb. 10, 2011); *VCX Ltd., Inc. v. Does 1-113*, No. 10-cv-1702-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-635,* No. 10-cv-1863-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-319,* No. 10-cv-2094-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-1,106,* No. 10-cv-2096-F (N.D. Tex. Feb. 10, 2011); *LFP Internet Group LLC v. Does*

2

*1 - 2,619*, No. 10-cv-2139-F (N.D. Tex. Feb. 10, 2011); *Harmony Films Ltd. v. Does 1-739*, No. 10-cv-2412-F (N.D. Tex. Feb. 10, 2011); *Adult Source Media v. Does 1-247,* No. 10-cv-2605-F (N.D. Tex. Feb. 10, 2011); *D & E Media, LLC v. Does 1-258,* No. 11-cv-00001-F (N.D. Tex. Feb. 10, 2011); *Serious Bidness, LLC v. Does 1-10,* No. 11-cv-2-F (N.D. Tex. Feb. 10, 2011); *Steve Hardeman, LLC v. Does 1-168,* No. 11-cv-00056-F (N.D. Tex. Feb. 10, 2011); *FUNimation Entertainment v. DOES 1 - 1,337*, No. 11-cv-147-F (N.D. Tex. Feb. 10, 2011).

- *IO Group, Inc. v. Does 1 - 453*, No. 10-4382 (N.D. Cal. Jan. 10, 2011), attached hereto as Exhibit G.

This request is made in connection with EFF's Motion for Leave to Appear as Amicus Curiae.

A district court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007) (taking judicial notice of state court litigation because "[j]udicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties"). Furthermore, the Federal Rules of Evidence *require* a court to take judicial notice of a matter "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); *see also In re Ravisent Technologies, Inc. Sec. Litig.*, No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, at * 2 (E.D. Pa. July 12, 2004).

Exhibits A-G are all orders from United States Federal District Courts. It is well established that a court may take judicial notice of matters of public record. *Opoka v. I.N.S.,* 94

F.3d 392, 394 (7th Cir. 1996) ("Indeed, it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice."); *Berg v. United Steelworkers of Am., Local 3733*, No. 98-308, 1998 U.S. Dist. LEXIS 4518, at **19-20 (E.D. Pa. April 8, 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1357 (1990) ("matters of public record . . . may also be taken into account")).  Specifically, federal courts may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue.  *Allen v. City of Los Angeles*, 92 F.3d 842 (9th Cir. 1992).

      These documents are offered to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases.  Thus, they are appropriate subject for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

For the foregoing reasons, the Court may properly consider Exhibits A-G as it reviews *amicus*'s Motion to Appear and, should the Motion be granted, the Memorandum.

                                                     Respectfully submitted,

Dated:  March 15, 2011          By  /s/ *Charles Lee Mudd, Jr.*
                                                  Charles Lee Mudd Jr.
                                                  Mudd Law Offices
                                                  3114 West Irving Park Road, Suite 1W
                                                  Chicago, Illinois  60618
                                                  (773) 588-5410
                                                  Cook County Attorney No.: 38666
                                                  ARDC: 6257957
                                                  cmudd@muddlawoffices.com

                                                  Julie Samuels
                                                  Electronic Frontier Foundation
                                                  454 Shotwell St.
                                                  San Francisco, CA 94110
                                                  (415) 436-9333
                                                  julie@eff.org

                                                  James Grimmelmann
                                                  Associate Professor
                                                  New York Law School
                                                  185 West Broadway
                                                  New York, NY 10013
                                                  (212) 431-2368
                                                  james.grimmelmann@nyls.edu

                                                  Attorneys for Amicus Curiae

**CERTIFICATE OF SERVICE**

      I, Charles Lee Mudd, Jr., do hereby certify that service of **AMICUS CURIAE THE ELECTRONIC FRONTIER FOUNDATION'S REQUEST FOR JUDICIAL NOTICE** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 15th day of March 2011.

                                                    /s/Charles Lee Mudd, Jr.
                                                    Charles Lee Mudd, Jr.

Charles Lee Mudd, Jr.
Mudd Law Offices
3114 W. Irving Park Road
Suite 1W
Chicago, Illinois  60618
773.588.5410 (Telephone)
773.588.5440 (Facsimile)
cmudd@muddlawoffices.com
ARDC: 6257957

6

## SERVICE LIST

All counsel of record are ECF users and no *pro se* parties have filed appearances of record.