# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC. ET AL., Plaintiffs | : : : : |
| v. | : CIVIL ACTION : NO. 04-1241 |
| DOES 1-6, Defendants | : : : |

**ORDER**   FILED OCT 13 2004

AND NOW, this 12th day of October, 2004, upon consideration of Plaintiffs' Motion for Leave to Take Immediate Discovery [Doc. #4], the Declaration of Jonathan Whitehead in support thereof [Doc. #5], and Plaintiffs' Second Supplemental Memorandum in support thereof [Doc. #13], and after several conferences with counsel for Plaintiffs and counsel for the amici curiae,[1] it hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery on the University of Pennsylvania to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a

---

[1] Although the American Civil Liberties Union, the ACLU of Pennsylvania, the Electronic Frontier Foundation, and the Public Citizen did not intervene as amici curiae in the above-captioned case, they have intervened and appear on the record in most or all of the other related music cases filed in the Eastern District of Pennsylvania. Further, the amici curiae participated in the drafting of the Court Ordered Notice described in paragraph 3 of this Order, and Plaintiffs have acknowledged that the amici have appeared to protect the rights of the Doe Defendants in all of the related music cases.

copy of which is attached to this Order, to the aforementioned Rule 45 subpoena. The Rule 45 subpoena shall instruct the University of Pennsylvania to distribute a copy of said notice to each Doe Defendant within seven days of service of the subpoena.

4. This ruling applies to all current and future cases filed in the Eastern District of Pennsylvania that are related to the above-captioned case.

5. Any future notices to any Defendant in this case or any related case filed in the Eastern District of Pennsylvania must be pre-approved by the Court and filed in the record.

It is so **ORDERED**.

BY THE COURT:

*[signature]*

CYNTHIA M. RUFE, J.

ENTERED

OCT 1 4 2004

CLERK OF COURT

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing _____, your Internet Service Provider ("ISP") to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, PA as a "John Doe" by the major record companies. You have been sued for infringing copyrights on the Internet by uploading and/or downloading music. The record companies have identified you only as a "John Doe" and have served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED.
### YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your name has not yet been disclosed. The record companies have given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 21 days from the date of this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this Notice can assist you in locating an attorney and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 21 day period, your ISP will send the record company plaintiffs your identification information.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court in Philadelphia, the record companies must establish jurisdiction over you in Pennsylvania. If you do not live or work in Pennsylvania, or visit the state regularly, you may be able to challenge the Pennsylvania court's jurisdiction over you. If your challenge is successful, the case in Philadelphia will be dismissed, but the record companies may be able to file against you in another state where there is jurisdiction.

The record companies are willing to discuss the possible settlement of their claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the record companies if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. Defendants who seek to settle at the beginning of a case may be offered more favorable terms by the record companies. You may contact the record companies' representatives by phone at (206) 973-4145, by fax at (206) 242-0905 or by email at info@settlementsupportcenter.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is more in your interest to try to reach a settlement or defend against the lawsuit.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Pennsylvania or Philadelphia, the second and third listings below provide referrals for local attorneys.

American Bar Association – http://www.abanet.org/legalservices/findlegalhelp/home.htm.

Pennsylvania Bar Association – www.pba.org.
Lawyer referral service – (800) 692-7375 or (717) 238-7807.

Philadelphia Bar Association – www.philabar.org
Lawyer referral service – (215) 238-6333.

The below-listed organizations appeared before the Court as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants. These organizations are prepared to help you consider your legal options.

American Civil Liberties Union of Pennsylvania
P.O. Box 1161
Philadelphia, PA 19105
Phone: – (215) 592-1513, ext. 1

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110-1914
E-mail: RIAAcases@eff.org

Public Citizen
1600 20th Street, NW
Washington, DC 200009
Phone: (202) 588-7721
E-mail: litigation@citizen.org