IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OpenMind Solutions, Inc., | CASE NO. 3:11-cv-00092-GPM-SCW |
| Plaintiff, | Judge: Hon. G. Patrick Murphy |
| v. | Magistrate Judge: Hon Stephen C. Williams |
| DOES 1 – 2925, Individually, and as Representatives of a class, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
THE ELECTRONIC FRONTIER FOUNDATION'S REQUEST FOR JUDICIAL
NOTICE**

The Electronic Frontier Foundation has requested the Court to take judicial notice of other courts' reasoning in unrelated cases. The EFF underestimates the Court. The EFF's request is based on condemnable misstatements of the law and its request must be denied.

**PROCEDURAL HISTORY**

Plaintiff OpenMind Solutions, Inc. ("OpenMind") brought this class action suit for copyright infringement against anonymous Defendants who illegally reproduced and distributed its copyrighted works over the Internet. (Pl.'s Compl., Feb. 2, 2011, Doc. #2.) Defendants' actual names are unknown. Instead, each Defendant is known to OpenMind only by an Internet Protocol ("IP") address, a number assigned to devices connected to the Internet. OpenMind was granted the Court's permission to take limited discovery to learn the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Feb. 11, 2011, Doc. #7.) Plaintiff promptly complied with the Court's Order and issued ISP subpoenas, and has been working diligently with the ISPs to keep the discovery process proceeding as expeditiously as practicable.

1

The Electronic Frontier Foundation ("EFF") has filed a request for this Court to take judicial notice of various court orders from unrelated cases in different jurisdictions. (*Amicus Curiae* The Electronic Frontier Foundation's Request for Judicial Notice, Mar. 15, 2011, Doc. #12 [hereinafter Request for Judicial Notice #12].) OpenMind submits this memorandum of law in opposition to the EFF's Request for Judicial Notice.

## LEGAL STANDARD

Rule 201 governs judicial notice of adjudicative facts. Fed. R. Evid. 201(a). Adjudicative facts are those which relate to the parties: who did what, where, when, how, and with what motive or intent – they are the facts that normally go to the jury in a jury trial. Fed. R. Evid. 201 advisory committee's note to subdivision (a). Legislative facts, on the other hand, are those which relate to legal reasoning and the law-making process, whether in the formulation of a legal principle or a ruling by a judge or court. *Id.* The drafters of the Rule believed that "any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs" are inappropriate when it comes to legislative facts. *Id.* The drafters were of the opinion "[i]n determining the content or applicability of a rule of domestic law, the judge is unrestricted in his investigation and conclusion" and that "[i]n conducting a process of judicial reasoning . . . not a step can be taken without assuming something which has not been proved." *Id.* Taking judicial notice of how other courts handled legal issues curtails this Court's legal reasoning and imposes limitations abhorred by the Rule's drafters.

Because notice of legislative facts is beyond the scope of Rule 201, it is governed by common law. 21B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5103.2 (2d ed. 1987). The controlling common law from this jurisdiction dates back nearly a

century and has been reaffirmed time and again by the Seventh Circuit: "It is true that a court will take notice of its own records, but it cannot travel for this purpose out of the record relating to the particular case; it cannot take notice of the proceedings in another case, even between the same parties and in the same court . . . ." *Paridy v. Caterpillar Tractor Co.*, 48 F.2d 166, 168 (7th Cir. 1931). Case law from sister Circuits dates back even further. *Fitzgerald v. Evans*, 49 F. 426, 428 (8th Cir. 1892) ("This court cannot take knowledge, actual or judicial, of what may appear upon the records of the numerous district and circuit courts that are within the boundaries of the eighth judicial circuit."); *In re Manderson*, 51 F. 501, 504–05 (3d Cir. 1892) (concluding that the circuit court of appeals cannot take judicial notice of independent proceedings in the trial court or other courts of the circuit).

In a narrow set of circumstances, judicial records can be adjudicative facts within the meaning of Rule 201. The circumstances include when the judicial records document a judicial action (such as dismissing an action or granting a motion) so long as the court is taking notice of the action for the purpose of acting on it. 21B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5106.4 (2d ed. 1987). The best-known example of this is the use of judicial records in ruling on a claim that the present case is barred or controlled by *res judicata* or, in criminal cases, double jeopardy. *Id.* Judicial records may also sometimes be properly noticed to show the acts of the parties or other actors in the litigation; e.g., that a complaint was filed, that return of service was made, or that stipulations were entered into. *Id.*

The Seventh Circuit allows a court to take judicial notice of the existence and outcome in other proceedings – but never the underlying reasoning – and only "if the proceedings have a direct relation to matters at issue." *Fletcher v. Menard Correctional Center*, 623 F.3d 1171 (7th Cir. 2010) (taking judicial notice of prior proceedings in a closely related suit involving the same

3

litigant); *Opoka v. I.N.S.*, 94 F.3d 392 (7th Cir. 1996) (taking notice of an appeal in an administrative proceeding by the same litigant on the same immigration-related subject matter). Further, as one court explained, even though "a court may take judicial notice of a judicial or administrative proceeding which has a "direct relation to the matters at issue," a court can only take judicial notice of the authenticity and *existence* of a particular order, motion, pleading or judicial proceeding, but not of the *veracity* and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law). *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). The classic example is the appellate court that noticed a plaintiff had previously filed more than 600 actions in its determination of whether or not to allow him to proceed *in forma pauperis*. *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). ("The fact that Green has all but besieged the federal courts for the past several years is indeed a matter of public knowledge, of which we may properly take judicial notice.")

## ARGUMENT

The EFF asks this Court to take judicial notice of other courts' reasoning in unrelated cases. (Request for Judicial Notice #12 and attached Exhibits.) Five out the seven exhibits attached to the EFF's Request involve severance of cases for misjoinder under Rule 20; none involve discussion of personal jurisdiction or "free speech rights" despite the EFF's promises "to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases." (Request for Judicial Notice #12, at 4, and Exhibits A–G.)

The only reason to address joinder in a class action suit is to establish that it is impracticable. The EFF has certainly gone to great lengths to make the plaintiff's case. However, the EFF's misuse of the Rules of Evidence and precedent is appalling. The EFF

deliberately conflates judicial notice of adjudicative facts with judicial notice of legislative facts. Thus, the EFF's request for judicial notice is premised on a condemnable misstatement of the law and must be denied.

The cases cited by the EFF for its proposition that this Court may take judicial notice of how other courts resolved legal issues in unrelated cases do not support its misguided assertion. "We emphasize that we are not considering the reasons . . . but the simple fact that the decision has been made." *Opoka*, 94 F.3d at 395. The *Limestone* court expressly limited its judicial notice of the previous mandamus litigation between the parties to a notice of the suit's filing and the outcome. *Limestone Development Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 868 n.3 (N.D. Ill. 2007). Another court addressed the issue of collateral estoppel in a civil proceeding by taking the judicial notice of (1) the verdict in the related criminal action involving the same litigants; (2) the contents of the indictment; and (3) the court minutes of the criminal sentencing and judgment. *Allen v. City of Los Angeles*, 92 F.3d 842, 848 (9th Cir. 1996). The decisions that were noticed had "a direct relation to matters at issue," did not merely involve a similar subject matter and not one court took notice of the underlying judicial reasoning or conclusions of law.

In this case, however, the EFF demands that this Court *must* accept the reasoning of courts from other jurisdictions (request for Judicial Notice #12, at 3–4), contrary to the Rules of Evidence and binding precedent. First, the cases cited by EFF are in no way related to this proceeding and do not involve the same litigants or even the same counsel. Even though these court decisions may involve the same general subject matter, this is not enough to bring them within the scope of Rule 201 adjudicative facts because the Court is not acting on them or noticing them for the acts of the parties. Second, far from merely taking notice that other, analogous cases may exist, EFF wants to bind this Court to the reasoning of courts in those

decisions by specifically asking to take judicial notice of *how* the courts have handled the issues. (*Id.*) ("These documents are offered to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases.")  The choice of the word "how" is not accidental—EFF is not content with merely referencing the outcome of these cases; it also attaches voluminous Exhibits with full text of those courts' analysis to its Request.  (*Id.* Exhibits A–G.)  If EFF wishes to state that courts around the nation have severed certain cases on the grounds of misjoinder, it can cite and summarize those decisions in a single paragraph in its brief—surely 20 pages ought to be enough.  But demanding that the Court take judicial notice of the reasoning in these decisions, which is to say, to accept without proof "a well-known and indisputable fact" (Black's Law Dictionary (9th ed. 2009)), is blatantly improper.

## CONCLUSION

The EFF would have this Court ignore the Rules of Evidence and binding precedent and take Judicial Notice of other courts' reasoning in unrelated cases.  Plaintiff respectfully requests the Court to reject the EFF's misguided Request for Judicial Notice.

[intentionally left blank]


Respectfully submitted,

OpenMind Solutions, Inc.

DATED: March 22, 2011

By: /s/ John Steele
One of its Attorneys

JoDee Favre # 6203442
Favre Law Office, LLC
110 W. Main St.
Belleville, IL 62220
618-604-0024; Fax 618-233-9377
jfavre@favrelaw.com

John Steele # 6292158
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;   Fax 312-893-5677
jlsteele@wefightpiracy.com
*Lead Counsel*

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 22, 2011, all parties of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

<div style="text-align: right;">

s/ John Steele
JOHN STEELE

</div>