### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| OpenMind Solutions, Inc., | ) | Case No. 3:11-cv-00092-GPM-SCW |
| Plaintiff, | ) ) ) | Judge:  Hon. G. Patrick Murphy |
| v. | ) ) | Magistrate Judge:  Hon. Stephen C. Williams |
| DOES 1-2925, | ) ) | |
| Individually, and as Representatives of a class, | ) ) ) | |
| Defendants. | ) ) ) ) | |

### *AMICUS CURIAE* THE ELECTRONIC FRONTIER FOUNDATION'S SUPPLEMENTAL BRIEF AND PETITION TO TEMPORARILY ENJOIN PLAINTIFF FROM SETTLING WITH DOE DEFENDANTS UNTIL THE COURT HAS RESOLVED THE OUTSTANDING DISCOVERY DISPUTE

On March 25, 2011, following the Court's acceptance of the Electronic Frontier Foundation's ("EFF") proposed *amicus curiae* brief in which it identified what it believes are serious procedural and substantive flaws in Plaintiff OpenMind Solutions' efforts to unmask the nearly 3,000 accused (and unrepresented) Defendants as part of a purported "defendant class action," this Court ordered that all discovery be stayed pending a hearing on EFF's motion, with any failure of the Plaintiff to abide by such a stay "punishable by contempt."  Docket No. 22.

Since the Court's stay Order of March 25, *amicus* EFF has learned that Plaintiff has already obtained (via subpoenas issued prior to the Court's stay order) the identities of at least some of the 2,925 Defendants in this case and has issued settlement demand letters to at least some of those now-identified Defendants, *with some settlement offers set*

*to expire prior to the date of the Court's scheduled hearing on this matter*.  As the upcoming hearing on April 11, 2011, necessarily includes a consideration of the viability of Plaintiff's underlying suit – and may result (as has resulted in other recent cases) in one or more Defendants being dismissed from the case – *amicus* urges the Court to enjoin the Plaintiff from entering into any further settlement agreement with any Defendant at least until the Court has resolved the outstanding discovery disputes, so that the status quo may be maintained.

A full stay temporary blocking Plaintiff's settlement efforts is appropriate for at least three reasons.  First and foremost, the Court has already recognized the benefit of halting discovery until the thousands of thus far unrepresented Defendants can benefit from some sort of adversarial hearing in which their interests can be presented to the Court.  The only reason that Plaintiff has been able to issue any settlement letters at all is that at least some ISPs have apparently complied with discovery requests that the Court has now halted pending further argument and consideration.  Permitting Plaintiff to settle its claims against any further Defendants, now that a discovery stay has been imposed, without the benefit of at least a preliminary reconsideration of the viability of Plaintiff's litigation strategy, would be unfair and does not reflect the changed posture of the case.

Second, a full stay preventing the Plaintiff from settling any claims with any Defendants in this case would not in any way harm the Plaintiff.  If the Court later determines that the Plaintiff may proceed with its case, the Plaintiff can again extend the same offers it has already issued.  Conversely, a subsequent determination that the Plaintiff's claims and/or discovery strategy cannot proceed will be of little comfort to a

pro se Defendant who settled his or her claim without knowledge of the discovery stay issued immediately on the heels of his or her identifying information being produced.

Third, and perhaps most troublingly, Plaintiff's attempts to settle individual claims against some now-identified Defendants undermine a central premise offered to explain Plaintiff's purported need to seek expedited discovery in the first place:  that "contact information is necessary to identify potential class representatives."  Plaintiff's Memorandum of Law In Support of Plaintiff's Ex Parte Motion for Leave to Take Expedited Discovery (Docket No. 4) at 9.  Instead of "solicit[ing] volunteers from the defendant class to serve as willing representatives" once given the chance to obtain discovery (*see id*.), Plaintiff apparently instead sought to leverage that information – and unproven accusations of downloading pornographic films levied against far-flung residents outside of the jurisdiction – into prompt settlement.  This is precisely the tactic that has been used by Plaintiff's counsel and other plaintiffs in cases around the country, a tactic that an increasing number of courts have rejected.  *See* EFF's Request for Judicial Notice of March 15, 2011 (Docket No. 12).  Especially given the Court's discovery stay, there is no reason why *any* Defendants should be rushed into settling highly charged and potentially embarrassing claims based on such a justification.

*Amicus* is grateful that the Court has seen fit to give the Defendants an opportunity to raise appropriate objections to Plaintiff's discovery strategy and, by extension, to the underlying suit as well.  Given that Plaintiff may nevertheless be attempting to obtain monetary settlements with some Defendants during this short, critical period between the issuance of the Court's discovery stay order and the April 11th

3

hearing, *amicus* urges the Court to further order Plaintiff to cease all efforts at settling

claims with any of the Defendants until the Court has resolved the outstanding motions.


Respectfully submitted,

Dated:  April 1, 2011          By  /s/ *Charles Lee Mudd, Jr.*
                                    Charles Lee Mudd Jr.
                                    Mudd Law Offices
                                    3114 West Irving Park Road, Suite 1W
                                    Chicago, Illinois  60618
                                    (773) 588-5410
                                    Cook County Attorney No.: 38666
                                    ARDC: 6257957
                                    cmudd@muddlawoffices.com

                                    Julie Samuels
                                    Electronic Frontier Foundation
                                    454 Shotwell St.
                                    San Francisco, CA 94110
                                    (415) 436-9333
                                    julie@eff.org

                                    James Grimmelmann
                                    Associate Professor
                                    New York Law School
                                    185 West Broadway
                                    New York, NY 10013
                                    (212) 431-2368
                                    james.grimmelmann@nyls.edu

                                    Attorneys for *Amicus Curiae* EFF

## CERTIFICATE OF SERVICE

I, Charles Lee Mudd, Jr., do hereby certify that service of *AMICUS CURIAE* **THE ELECTRONIC FRONTIER FOUNDATION'S SUPPLEMENTAL BRIEF AND PETITION TO TEMPORARILY ENJOIN PLAINTIFF FROM SETTLING WITH DOE DEFENDANTS UNTIL THE COURT HAS RESOLVED THE OUTSTANDING DISCOVERY DISPUTE**   was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 1st day of April 2011.


/s/Charles Lee Mudd, Jr.
Charles Lee Mudd, Jr.



Charles Lee Mudd, Jr.
Mudd Law Offices
3114 W. Irving Park Road
Suite 1W
Chicago, Illinois  60618
773.588.5410 (Telephone)
773.588.5440 (Facsimile)
cmudd@muddlawoffices.com
ARDC: 6257957

**<u>SERVICE LIST</u>**

Nancy Waddell
801 South Street
Burlington, Iowa 52601
*Pro Se*


All Other Parties Are Represented by ECF Users.