# Steele | Hansmeier, PLLC

*An anti-piracy law firm*

April 3, 2011

Honorable Judge Stephen C. Williams
750 Missouri Avenue
East St. Louis, IL 62201

    Re:    Case No. 3:11-cv-00092-GPM-SCW

Honorable Judge Williams:

The Electronic Frontier Foundation ("EFF") has petitioned the Court for a temporary restraining order which would bar putative defendants from settling with Plaintiff prior to the April 11, 2011, hearing in this matter.  Because the EFF did not receive the Court's leave prior to filing its petition, and because an amicus lacks standing to move for a temporary restraining order, the EFF's "supplemental brief and petition" are not properly before the Court.  Plaintiff is therefore unable to file a formal response.  Instead, Plaintiff submits the following summarizing its response to the issues raised in the EFF's improper filing.  Plaintiff can supplement this letter through briefing at the Court's request.

    1.    Plaintiff has fully complied with the Court's stay of discovery.

On March 25, 2011, the Court issued an order staying discovery in this case pending resolution of the April 11, 2011 hearing.  Within hours of learning of the order, Plaintiff's counsel distributed a copy of the Court's order along with compliance guidelines to each of its staff members.  The guidelines consisted of the following three rules: 1) do not issue subpoenas or perform any acts in furtherance of subpoena requests; 2) do not initiate communications with putative defendants; and 3) preserve, but do not review, any discovery obtained to date.  As directed by the Court, Plaintiff's counsel has paused all of its activities directly or tangentially related to discovery in this case.

Since the Court's stay of discovery, Plaintiff's counsel has received unsolicited contacts from counsel for anonymous parties who wish to resolve outstanding liability with respect to the allegations in Plaintiff's complaint—not just in this action, but in any action.  In each instance, Plaintiff's counsel disclosed the Court's stay of discovery.  Some parties elected to await the outcome of the April 11 hearing while others elected to settle.  In absolute numbers, settlement activity in this case has been minimal, although a recent ruling from the United States District Court for the District of Columbia seems to have spurred higher levels of settlement interest.  Call of the Wild Movie, LLC v. Does 1-1,062, No. 1:10-cv-00455, Memorandum Opinion, Doc. No. 40 (D.D.C. Mar. 22, 2011) (Howell, J.).  In deciding on the exact arguments raised by the EFF in this case, Judge Howell rejected each and every one of the EFF's views on First Amendment, personal jurisdiction, and joinder.  This 42-page opinion is perhaps the most comprehensive and robust examination to date of the issues surrounding mass copyright infringement actions.  Counsel for some Putative Defendants took notice of this decision and voluntary contacted Plaintiff's counsel seeking resolution of all claims.

2. The EFF's request for a temporary restraining order usurps the litigation prerogatives of the parties to this case.

It is highly unusual, to say the least, for a party with no interest in a case to request that a court prohibit actual parties to the case from settling their claims. Here, the EFF wishes to use the Court to dictate litigation strategy to the putative defendants. EFF argues that Defendants may end up being dismissed from this case. Even if that happens, the dismissal will be for procedural issues, without prejudice, and the Plaintiff will still be able to pursue its claims against the anonymous infringers on an individual basis. Not a single argument raised by EFF in its amicus brief or its "supplemental brief and petition," entirely bereft of citation to any legal authority, addresses resolution on the merits. The litigation against these Defendants will continue in one form or another until that resolution is reached. There is no reason to delay a putative defendant's ability— whether it be for a week, a month, or a year—to achieve resolution with respect to Plaintiff's copyright infringement claims.

3. The EFF fails to meet the high burden required to obtain a temporary restraining order against the parties.

A party seeking a temporary restraining order bears the burden of establishing not only the propriety of such an order, but also their standing to seek it. The EFF has done neither. With respect to the Constitutional requirement of standing, the EFF does not explain on what basis it is allowed to bring its motion. Standing requires more than an opinion about copyright laws. With respect to the legal requirements for obtaining a temporary restraining order, the EFF does not state the legal standard for obtaining an injunction, much less discuss and support each element. Even if EFF's filing were to be interpreted loosely, with the deference usually afforded to pro se litigants, EFF glosses over the issues ultimate success on the merits, irreparable harm absent the order, and the balancing of the hardships. In essence, EFF argues that reaching an amicable resolution among parties represented by counsel is "irreparable harm." to the EFF.

The EFF has no legal basis to bring or succeed on its petition and EFF abandons any pretense for having a legal basis by omitting citation to any legal authority whatsoever in its filing. Plaintiff suspects that the EFF's true motivation is not to win its motion, but instead present facts— however misleading—in an effort to bias the Court against Plaintiff for the upcoming April 11 hearing. Plaintiff has complied with the Court's order, put its discovery activities in this case on hold, and has been patiently awaiting the hearing to present its arguments to the Court.

Respectfully submitted,

John L. Steele, Esq.